Gilbert Franklin POSTELWAIT, Petitioner-Appellant,

v.

T. W. MARKLEY, Warden, United States Penitentiary, Respondent-Appellee.

No. 14650.

United States Court of Appeals Seventh Circuit.

March 17, 1965.

Gilbert Franklin Postelwait, pro se, Terence J. Tyksinski, Howard T. Brinton, Paul R. Lederer, Chicago, Ill., for appellant.

Richard P. Stein, U. S. Atty., James R. Thornton, Charles S. White, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before HASTINGS, Chief Judge, and CASTLE and KILEY, Circuit Judges.

CASTLE, Circuit Judge.

The petitioner, Gilbert Franklin Postelwait, petitioned for a writ of habeas corpus in the District Court claiming unlawful imprisonment in the United States Penitentiary, Terre Haute, Indiana, located within the district. His petition

was dismissed without a hearing, the order to show cause on behalf of the respondent was discharged, and the petitioner was remanded to the custody of the respondent. The petitioner appealed.

The record discloses the petitioner is incarcerated under two sentences imposed by the United States District Court, Western District of Michigan, Southern Division. On June 3, 1957, he was sentenced for a term of 7½ years. On June 5, 1960, he was released on parole. On September 20, 1962, a parole violation warrant was issued for petitioner following his being charged with State offenses in Michigan. On May 13, 1963, he was arrested on the parole violation warrant, and on or about the same day charged with assaulting a Federal officer. On June 10, 1963, petitioner was convicted, on his pleas of guilty, of the State offenses and sentenced to a term of 7½ to 15 years in the State prison, and returned to the custody of Federal officials. On July 16, 1963, petitioner was convicted, following his plea of guilty, of the offense of assaulting a Federal officer. He was sentenced to 3 years in prison by the same judge who had imposed the earlier 1957 7½ years federal sentence. He was returned to the federal penitentiary at Terre Haute, Indiana, and following a hearing on January 15, 1964, his parole on the 1957 sentence was revoked. Petitioner is presently incarcerated in the penitentiary at Terre Haute serving 4½ years on the 1957 sentence resulting from the alleged violation of his mandatory release in 1960, and serving the concurrent 3 year sentence imposed on the assault conviction.

The petitioner contends that his constitutional rights have been violated in that due process and equal protection of the laws were denied him because the United States "juggled" him between the State of Michigan and Federal jurisdictions depriving him of the opportunity to prepare for trial in either jurisdiction; that he was denied the right to a speedy parole revocation hearing; that he was effectively denied the opportunity to present witnesses at his parole revocation hearing which was held at a location distant from the district in which the alleged parole violation occurred; and that he was denied the right to counsel at the parole revocation hearing and in the preparation of his petition for writ of habeas corpus.

The respondent contends that the District Court in Indiana is without jurisdiction and therefore properly dismissed the petitioner's habeas corpus petition without a hearing thereon.

■ The attack which petitioner attempts to make on his 3 year sentence imposed in 1963 is an attack which could have been made in the sentencing court, the United States District Court, Western District of Michigan, Southern Division, by an appropriate motion filed pursuant to 28 U.S.C.A. § 2255, and that section concludes as follows:

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention".

■ While respondent concedes that habeas corpus is a proper remedy to challenge the lawfulness of the incarceration resulting from the action of the Parole Board in proceedings to revoke parole, he points out that the provision above quoted from § 2255 precludes the District Court in Indiana from entertaining a habeas corpus petition incorporating an attack on the constitutional validity of the 3 year sentence in view of the doctrine recognized and applied in McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. In McNally it was held that the "only judicial relief authorized [by habeas corpus] was the discharge of the prisoner or his admission to bail", and that where a valid sentence remains to be served habeas corpus may not be used to inquire into the lawfulness of another sentence. We agree with respondent that the rationale of McNally applies in the instant

case. Cf. Parker v. Ellis, 362 U.S. 574, 576, 80 S.Ct. 909, 4 L.Ed.2d 963. The District Court did not have jurisdiction to entertain habeas corpus to attack the 3 year sentence in view of the provisions of § 2255 and, consequently, the validity of the parole revocation and status of the earlier sentence could not properly be adjudicated in such a proceeding—there could have been no discharge of the prisoner, in any event—and the sole judicial function of the writ of habeas corpus could not have been fulfilled.

We do not, therefore reach the merits of any of the contentions advanced by the petitioner—nor is there any indication that the District Court did so. Consequently, we affirm the judgment order of the District Court without prejudice to the right, if any, of the petitioner to present an appropriate § 2255 motion to the sentencing court.

Mr. Terence J. Tyksinski, a member of the Chicago, Illinois, Bar represented the petitioner in this appeal by appointment of this Court. We commend him and his associates, Messrs. Howard T. Brinton and Paul R. Lederer, for their services in this assignment and for the able manner in which petitioner's case was briefed and presented on appeal.

Affirmed.